PALMER v. VAN DOREN.

A complainant cannot examine a sole defendant as a witness against himself; because no decree can be had against a party defendant upon facts to which he is examined as a witness.

If there be more defendants than one, an examination of a defendant may be had; and you may get a decree against another defendant upon such facts; but you cannot have a decree against the party examined embracing such facts.

Where a defendant has been examined, under the usual order as a witness, a complainant may have a decree against him upon other matters to which he was not examined.

*March* 25.     The bill was filed by the complainant, John W. Palmer,
1834.       as a judgment creditor, whose execution had been returned
*Practice.*   *nulla bona*, against the defendant John L. Van Doren.
*Examining*     A motion was now made " that the defendant be examin-
*defendant as* ed as a witness for the complainant, under such restrictions
*a witness.*

as the court might think proper to impose;" and for other relief. This motion was based upon an affidavit made by the complainant, wherein he deposed that the defendant was in possession and receipt of a large income; that it was material to the deponent, as he was advised by counsel and believed that the defendant should be examined as a witness for the deponent in the case; and he was further advised and believed that unless the said defendant was examined as a witness to make certain disclosures relative to his said income and property so held in trust or possession or in trust by others for his use, it would be impossible to furnish the necessary proof to enable this court to do equity between the parties. And further, that he had understood from his counsel and believed, a rule to produce witnesses had been entered and he had been applied to for a list of his witnesses, but he could not furnish such a list, unless the defendant should have first been examined, inasmuch as no clue was given by the answer of the defendant to the facts which the deponent believed existed or to the witnesses by whom he should be enabled to furnish the necessary proof; and it was his belief (and he was so advised) that unless such directions as to the witnesses and facts were furnished somehow by the defendant, injustice must be done to the deponent.

It appeared by counter affidavits, that the complainant had taken exceptions to a first, second and third answer—the last of which was decided to be sufficient.

Mr. *D. Graham*, Jr. for the motion.

Mr. *D. E. Wheeler* in opposition.

THE VICE-CHANCELLOR:—This is an application to examine a sole defendant in a cause. It is attempted to be founded upon two points: 1. That certain disclosures, relative to the defendant's income and property, are necessary, before the complainant can furnish his proof; and 2. That as no clue is given, by the answers of the defendant, to the facts which the deponent believes to exist, therefore (and until after an explanation of these) the complainant cannot give a list of his witnesses.

*1834.*

PALMER
*v.*
VAN DOREN.

25

Upon the opening of this motion, I considered it to be a novel one ; *because, as Van Doren is the only defendant,* an examination of this person would be a bar to a decree. There can be no decree against a defendant upon facts to which you examine him as a witness. If there be more defendants than one, an examination of a defendant may be had ; and you may get a decree against another defendant upon such facts : but you cannot have a decree against the party examined upon the facts which he has disclosed as a witness, although you may upon facts to which he is not examined.

It appears, in this case, that a second and third answer have been required—the last of which was decided to be sufficient ; and yet, for all this, the complainant wants disclosures from this sole defendant through the examiner's office.

The way to test an interested party-defendant is through his answer : and not upon interrogatories in the office of an examiner.

The case of *Nightingale* v. *Dodd*, Amb. 583. has been referred to in support of the present motion. But that was a case in which there were several defendants ; the application was to examine one of them, who, *although interested in the case, was not interested in the matter to which he was examined ;* and the sole point decided there is this, that a defendant who has been examined under the usual order as a witness, may have a decree against him upon other matters to which he was not examined—thus also showing that a decree cannot be had against such defendant in relation to facts to which he is examined as a witness.

I must deny the motion, with costs.(*a*)

_____

(*a*) In connection with the principles embraced by this decision, see the cases referred to in notes to Blunt's edit. of *Ambler*, V. 2. p. 583. In Carey, p. 63, we have the following : " Forasmuch as it is informed, the trial of the truth of the matter resteth altogether in the declaration of the defendant ; it is therefore ordered, that the defendant shall be examined upon interrogatories to be administered by the plaintant, upon whose examination, *if the matter fall not out for the plaintant, then the plaintant to pay the defendant costs, and the cause to be dismissed. John Tyfield* plaintant, *John Vimore* and *Alice* defendants, anno. 2. Eliz. fol. 122."